**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| CONNECT INSURANCE AGENCY, | : | |
| INC. and CONNECT MGA, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Case No. 1:20-cv-00849-LY |
| v. | : | |
| | : | |
| AMERICAN FAMILY CONNECT | : | |
| INSURANCE AGENCY, INC., | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT AMERICAN FAMILY CONNECT INSURANCE AGENCY, INC.'S
MOTION TO TRANSFER  VENUE TO THE EASTERN DISTRICT OF WISCONSIN
PURSUANT TO 28 U.S.C. § 1404(a)**

Defendant American Family Connect Insurance Agency, Inc. ("American Family")
respectfully moves, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the Eastern District
of Wisconsin, Green Bay Division. The focus of this trademark infringement litigation is
American Family's conduct, and its witnesses and documents are located in Wisconsin. By
contrast, plaintiffs Connect Insurance Agency, Inc. ("Connect Insurance") and Connect MGA,
LLC ("Connect MGA") do not appear to have any connection to the Western District of Texas,
and it is not clear why they filed this action in Travis County, Texas. Based on an application of
the section 1404 factors, this action should be transferred to Green Bay.

**FACTUAL BACKGROUND**

**A.      Plaintiffs Have No Discernible Connection To This District.**

**1.      Connect Insurance**

According to the Original Petition, Connect Insurance "is a Texas corporation with its
home office in Tarrant County, Texas." (Original Petition at 1 (¶ 3).) Tarrant County is located

within the Northern District of Texas, Fort Worth Division. (*See* http://www.txnd.uscourts.gov/city-data/tarrant-county (last accessed 10/9/20).)

According to records filed with the Texas Secretary of State, Connect Insurance is a Texas for-profit corporation with its principal place of business at 7425 NW 4th Street, Plantation, Florida 33317. (8/14/20 Declaration of Naikang Tsao in Supp. of Def's Notice of Removal ("Tsao Decl."), Exhibit A (Dkt. No. 1-4).) Plantation, Florida is a city in Broward County, which is located within the Southern District of Florida. (*See* https://www.flsd.uscourts.gov/federal-judicial-districts-florida (last accessed 10/9/20).)

Irrespective of how plaintiffs explain the above discrepancy—*i.e.*, whether Connect Insurance's principal place of business is in the Northern District of Texas or in the Southern District of Florida—the fact remains that Connect Insurance is not at home in the Western District of Texas.

2.      **Connect MGA**

According to the Original Petition, plaintiff Connect MGA "is a Texas limited liability company with its home office in Collin County, Texas." (Original Petition at 1 (§ 3) (Dkt. No. 1-1).) Collin County is located within the Eastern District of Texas, Sherman Division. (*See* http://www.txed.uscourts.gov/court-locator (last accessed 10/9/20).)

According to records filed with the Texas Secretary of State, Connect MGA has the following members:

| Connect MGA Members | Address (Federal Judicial District) |
|---|---|
| Steve Dunkle | 226 North Nova Rd. #151<br>Ormond Beach, FL 32174 (M.D. Fla.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |

2

| | |
|---|---|
| Wendy Hutchinson | 2500 Legacy Drive, Suite 120<br>Frisco, TX 75034 (E.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Keith Moon | 2500 Legacy Drive, Suite 120<br>Frisco, TX 75034 (E.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Jeremy M. Pool | 50 Forest Mill Trail, Suite 100<br>Mansfield, TX 76063 (N.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Bradley Smith | 2500 Legacy Drive, Suite 120<br>Frisco, TX 75034 (E.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Connect Alliance Operating Company, LLC | *See* discussion in next paragraph |

(*See* Tsao Decl., Exhibit B.)

Based on Texas Secretary of State records, Connect Alliance Operating Company, LLC

("Connect Alliance") lists the following members:

| Connect Alliance Members | Address (Federal Judicial District) |
|---|---|
| Steven G. Dunkle | 125 S. State Road 7, Suite 104-178<br>Wellington, FL 32174 (S.D. Fla.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Wendy Hutchinson | 2500 Legacy Drive, Suite 120<br>Frisco, TX 75034 (E.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |

| Keith Moon | 2500 Legacy Drive, Suite 120<br>Frisco, TX 75034 (E.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
|---|---|
| Jeremy M. Pool | 2733 Spartacus Drive<br>Grand Prairie, TX 75052 (N.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| Bradley Smith | 300 Blackburn Street #2501<br>Dallas, TX 75204 (N.D. Tex.)<br><br>3700 W. 15th St., Suite 200A<br>Plano, TX 75075 (E.D. Tex.) |
| PDSCMGA, LLC | *See* discussion below |
| A1M Inc. | *See* discussion below |

(*See* Tsao Decl., Exhibit C.)

Based on Texas Secretary of State records, PDSCMGA, LLC—which is a member of Connect Alliance—lists the following members:

| PDSCMGA, LLC Member | Address (Federal Judicial District) |
|---|---|
| Steven G. Dunkle | 1 Broadwater Dr.<br>Ormond Beach, FL 32174 (M.D. Fla.) |
| Jeremy M. Pool | 1575 Burleson Retta Rd.<br>Burleson, TX 76028 (N.D. Tex.) |

(*See* Tsao Decl., Exhibit D.)

According to records filed with the Texas Secretary of State, A1M Inc.—which is a member of Connect Alliance—is a Texas for-profit corporation with its principal place of business at 3408 Armstrong Avenue, Dallas, Texas 75208. (*See* Tsao Decl., Exhibit E.)

In sum, neither plaintiff Connect MGA nor any of its members is located or based in the Western District of Texas.

**B.      Defendant American Family, Its Witnesses And Documents Are In The Eastern District of Wisconsin.**

Defendant American Family is a Wisconsin corporation with its principal place of business at 3500 Packerland Drive, De Pere, Wisconsin 54115-9034. (*See* Tsao Decl., Exhibit F.) De Pere is located in Brown County, Wisconsin, which is within the Eastern District of Wisconsin, Green Bay Division. (*See* https://www.wied.uscourts.gov/counties-served-division (last accessed 10/9/20).)

American Family's office and documents, including but not limited to documents relating to its business, its customers and its financial and accounting records, are located in De Pere, Wisconsin. (Declaration of Chris M. Salemi ("Salemi Decl.") ¶ 5.) American Family witnesses with knowledge of its use of the word "connect" in its trade name, its business and financial information, and its relationship with American Family Connect Property and Casualty Insurance Company ("AFCPCIC"), are located in the Eastern District of Wisconsin. (See Salemi Decl. ¶ 4; Declaration of Tina Holewinski ("Holewinski Decl.") ¶¶ 3, 5; Declaration of Michelle M. Jensen ("Jensen Decl.") ¶¶ 4-5; Declaration of Jill Fochs ("Fochs Decl.") ¶ 4.)

American Family does not have any offices, employees or any other physical presence in Texas. (Salemi Decl. ¶ 5.) American Family does no advertising or marketing in Texas or in any other State. (Fochs Decl. ¶ 5.) American Family does not own the "Connect Powered by American Family Insurance" brand name. (*Id*. ¶ 4.) American Family is an insurance "agency"; it is not an insurance "company" and does not issue insurance policies to customers. (Salemi Decl. ¶ 4.) American Family has appointments with nine other insurance companies that sell insurance to American Family customers. (*Id.*)

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) requires the court to first evaluate whether the suit could have been brought in the district or division to which the moving party proposes transferring it. *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) (per curiam). Venue is proper in a judicial district in which any defendant resides, if all defendants are residents of the same state. 28 U.S.C. § 1391(b)(1).

If the case could properly have been brought in the proposed forum, then the court must consider certain private and public interest factors to determine whether, on balance, transferring the case would best serve the interests of justice and be more convenient for the parties and witnesses. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*") (en banc). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (per curiam)). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (quoting *Volkswagen I*, 371 F.3d at 203). "A motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more

convenient' . . . ." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *Volkswagen II*, 545 F.3d at 315).

Fifth Circuit precedent forbids treating the plaintiffs' choice of venue as a distinct factor in the section 1404(a) analysis. *Volkswagen II*, 545 F.3d at 314 n.10. Rather, a plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue. *Id.* A district court errs when it affords plaintiff's choice of venue "considerable deference" or "inordinate weight." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (applying Fifth Circuit law). Moreover, "when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *Freehold Licensing, Inc. v. Aequitatem Capital Partners, LLC*, No. A-18-CV-413 LY, 2018 WL 5539929, at *6 (W.D. Tex. Oct. 29, 2018) (citation omitted), *report and recommendation adopted*, No. 1:18-CV-413-LY, 2018 WL 11170601, at *1 (W.D. Tex. Nov. 19, 2018); *see also Rosenthal v. Blue Diamond Growers, Inc.*, No. SA-03-CV-424-RF, 2003 WL 22736550, at *2 (W.D. Tex. Nov. 12, 2003) (where "Plaintiffs are not residents of the forum chosen . . . their choice may be given less weight in ruling on a discretionary transfer").

The location of a party's counsel also "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d at 434; *see also Freehold Licensing*, 2018 WL 5539929, at *8 ("[T]he word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a).") (quoting *Volkswagen I*, 371 F.3d at 206).

Finally, section 1404(a)

> is a safety valve of sorts, and serves to give corporations—which, due to their frequently pervasive contacts nation-wide, are often subject to venue virtually anywhere—some recourse from the highly permissive general venue rule found in 28 U.S.C. § 1391. *See In re Volkswagen of Am.,* 545 F.3d at 313. "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *Id.* "Thus, while a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege." *Id.*

*Opperman v. Path, Inc.*, No. A-12-CA-219-SS, 2013 WL 7753577, at *3 (W.D. Tex. Jan. 15, 2013).

## ARGUMENT

### I.     THIS ACTION COULD HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF WISCONSIN.

For venue purposes, a defendant entity is a resident of any judicial district in which it is subject to the federal court's personal jurisdiction with respect to the civil action at issue. 28 U.S.C. § 1391(c)(2). A federal court may exercise jurisdiction over an entity "when [its] affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home" in that state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Here, American Family's principal place of business is in De Pere, Wisconsin, which is located in the Eastern District of Wisconsin. Thus, plaintiffs Connect Insurance and Connect MGA could have brought this action against American Family in that district.

II.    BASED ON THE SECTION 1404 FACTORS, THE EASTERN DISTRICT OF WISCONSIN IS THE CLEARLY MORE CONVENIENT FORUM.

    A.    **The Private Interest Factors Favor Transfer.**

        1.    **Relative ease of access to sources of proof**

The first private interest factor, access to sources of proof, pertains to where documentary evidence, such as documents and physical evidence, is stored. *See Volkswagen II*, 545 F.3d at 316 (discussing the location of documents and physical evidence relating to a vehicle accident). Despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a "meaningful factor in the analysis." *Id.* "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id.*; *see also Carruth v. Michot*, No. A-15-CA-189-SS, 2015 WL 6506550, at *9 (W.D. Tex. Oct. 26, 2015) (same).

In this trademark infringement lawsuit, plaintiffs allege that American Family's name—which utilizes the word "[c]onnect" in it—and the mark "Connect Powered by American Family Insurance," resemble plaintiffs' trade names and marks, all with the intent to confuse the public. (Original Petition at 3 (§ 7).) All of American Family's documents—including but not limited to documents relating to its business, its customers and its financial and accounting records—are located in De Pere, Wisconsin where American Family is headquartered. (Salemi Decl. ¶ 5.) As this Court has explained in the trademark context:

> in infringement cases "***the bulk of the relevant evidence usually comes from the accused infringer***" and, therefore, "***the place where the defendant's documents are kept weigh in favor of transfer to that location***." *Millennium, L.P. v. Hyland Software, Inc.*, 2003 WL 22928644, at *4 (S.D.N.Y. Dec. 10, 2003); *see also, DataQuill, Ltd. v. Apple Inc.*, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) ("The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue")

(quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

*Wet Sounds, Inc. v. Audio Formz, LLC,* No. A-17-CV-141-LY, 2017 WL 4547916, at *2 (W.D. Tex. Oct. 11, 2017),[1] *report and recommendation adopted*, No. 1:17-CV-141-LY, 2018 WL 1219248, at *1 (W.D. Tex. Jan. 22, 2018). Because American Family is located in the Eastern District of Wisconsin, all of the evidence critical to this action is located there. Moreover, because plaintiffs are not based in the Western District of Texas, none of their relevant documents are located in this district. Accordingly, this factor favors transfer. *Compare Wet Sounds*, 2017 WL 4547916, at *2.

### 2. Availability of compulsory process

The second private interest factor is the availability of compulsory process to secure the attendance of nonparty witnesses. This factor refers to Rule 45 of the Federal Rule of Civil Procedure, which addresses the court's subpoena power. *Id*. at *3. Under that Rule, the court can compel a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business. Fed R. Civ. P. 45(c)(1)(A).

Here, Tina Holewinski, the former Vice-President of Agency Operations at AFCPCIC, oversaw the operations of American Family until she went to work at a different insurance company in eastern Wisconsin in March 2020. (Holewinski Decl. ¶¶ 2-3.) Holewinski is familiar with the nature of American Family's business, its relationship with other American Family entities, including AFCPCIC and American Family Connect Insurance Company, its contractual relationships with third parties, and how it obtains customers. (*Id*. ¶ 5.) She also was involved in the transition from Ameriprise to American Family, and has knowledge of the regulatory and

---

[1] All emphasis in brief added unless otherwise noted.

licensing steps taken to implement the name change from Ameriprise to American Family in various jurisdictions around the country. (Holewinski Decl. ¶ 5.)

Likewise, Mary Boersma, Marketing Manager at non-party American Family Mutual Insurance Company, S.I. ("AFMICSI"), has knowledge of AFMICSI's historical usage of the "American Family Insurance|connect" brand name with respect to certain of its affiliates. Boersma also was involved in the decision to use the brand name "CONNECT, powered by American Family Insurance" with respect to the entities acquired from IDS Property Casualty Insurance Company/Ameriprise in October 2019, which are now known as AFCPCIC, American Family Connect Insurance Company and American Family. (Declaration of Mark K. Boersma ("Boersma Decl.") ¶ 3.) Those three entities use the "CONNECT, powered by American Family Insurance" brand name under license from AFMICSI. (*Id.*) Boersma conducted brand research and made recommendations regarding the use of "CONNECT, powered by American Family Insurance" by the three entities acquired from IDS/Ameriprise. (*Id*.)

Because both Holewinski and Boersma reside in Wisconsin, they cannot be subpoenaed to testify in the Western District of Texas. (*See* Holewinski Decl. ¶¶ 1, 6; Boersma Decl. ¶ 1.)

### 3.    Cost of attendance for willing witnesses

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *Affinity Labs of Texas, LLC v. Blackberry Ltd*., No. 6:13-CV-362, 2014 WL 10748106, at *4 (W.D. Tex. June 11, 2014) (citation omitted) (examining location of party witnesses in granting transfer). The Fifth Circuit applies the "100–mile rule," which holds that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. "If the

11

transferee venue would result in an average distance away from the witness that is shorter than the original venue, then the convenience factor weighs in favor of transfer." *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-CV-00091, 2016 WL 6909479, at *8 (W.D. Tex. Jan. 28, 2016) (citations omitted).

Here, the cost to witnesses favors transfer. As this Court noted in *Wet Sounds*, "in infringement cases 'the bulk of the relevant evidence usually comes from the accused infringer[.]'" 2017 WL 4547916, at *2; *see also Affinity Labs.*, 2014 WL 10748106, at *6 ("Since intellectual property infringement suits 'often focus on the activities of the alleged infringer, its employees, and its documents,' the location of a product's development 'is often the critical and controlling consideration in adjudicating transfer of venue motions.'") (quoting *Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. 3:02-CV-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003)). All of American Family's witnesses are located in Wisconsin. These witnesses include:

| Name | Job Title | Subject Matter of Testimony | Present Location |
|---|---|---|---|
| Jill Fochs | Senior Manager, Marketing, American Family Connect Property and Casualty Insurance Company ("AFCPCIC") | Knowledge of AFCPCIC's marketing activities, including all print and online marketing, the operational changes made to AFCPCIC's name and logos, as well as changes made to the names and logos for American Family and American Family Connect Insurance Company, across all print and online platforms, the use of the "CONNECT powered by American Family" brand name by AFCPCIC and American Family, and AFCPCIC's search engine marketing (SEM) and search engine | De Pere, WI |

| | | | |
|---|---|---|---|
| | | optimization (SEO) activities. (Fochs Decl. ¶ 4.) | |
| Michelle Jensen | Senior Director, Policyholder Services, AFCPCIC; Vice-President, American Family | Manages the sales activities of 450 AFCPCIC agents across the country, who sell insurance policies to customers and service those policies; has knowledge of AFCPCIC's business model, how it obtains insurance customers, its relationship with American Family, and how prospective customers are referred to American Family. If there were instances of actual confusion—e.g., instances where plaintiffs' customers were inadvertently buying insurance from AFCPCIC or calling AFCPCIC with questions about policies issued by plaintiffs—those contacts would go to the Policyholder Services department that Jensen manages. (Jensen Decl. ¶¶ 4-5.) | De Pere, WI |
| Chris Salemi | Manager, Agency Operations, AFCPCIC | Oversees the operations of American Family, including three team leads and 42 sales agents. Knows how customers get referred to American Family, the insurance companies that American Family refers customers to, how American Family derives commissions, and American Family's financial reporting and accounting functions. (Salemi Decl. ¶ 4.) | De Pere, WI |

Given the location of American Family's relevant witnesses in eastern Wisconsin, the cost and disruption to American Family caused by making witnesses available to testify during discovery and at trial will be substantially higher should this action go forward here rather than in the Eastern District of Wisconsin. Applying the Fifth Circuit's "100-mile rule," the distance for each and every of these witnesses would be dramatically reduced, from about 1,300 miles if they traveled to the Austin courthouse, to less than 50 miles, weighing in favor of transfer to the Eastern District of Wisconsin.

By contrast, plaintiffs' party witnesses—who are less material to this trademark infringement suit than American Family's witnesses—would need to travel in any event, either from Florida or from other areas of Texas. Thus, this factor favors transfer.

### 4.    Other practical problems that make trial of a case easy, expeditious and inexpensive

The fourth private interest factor looks at practical concerns in the expedient and inexpensive trial of the case. Here, the key party and non-party witnesses and documents are located in the Eastern District of Wisconsin, while no known witnesses or documents are in this district. Indeed, other than being the location where plaintiffs filed suit, this district has no connection to this case. This weighs in favor of transfer. *See DataQuill, Ltd. v. Apple Inc*., No. A-13-CA-706-SS, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014) (finding this factor supported transfer because "[m]ost of the witnesses are in California," "[plaintiff] has no presence in Austin," and "it will be more practical to try this case in California than in Texas").

### B.    The Public Interest Factors Favor Transfer.

### 1.    Administrative difficulties flowing from court congestion

The first public factor focuses on "the administrative difficulties flowing from court congestion." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235,

241 n.6 (1981)). According to the Administrative Office for the U.S. Courts, for the period

ending June 30, 2020, the time from filing to trial in civil cases was 22.4 months in the Western

District of Texas and was 31.5 months in the Eastern District of Wisconsin. (*See* https://

www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf                (last

accessed 10/9/20).) Although these district-wide statistics suggest that cases take a few months

longer to proceed to trial in the Eastern District of Wisconsin, the statistics do not look at the

caseload of specific divisions within each district (*i.e.*, the Austin Division versus the Green Bay

Division). As this Court has noted:

> The Austin Division is one of the busiest divisions in the Western
> District of Texas, which itself is one of the busiest districts in the
> country. In 2014, there were 1097 civil cases filed in Austin . . . .
> Austin has only two active district judges . . . . These figures
> suggest that it would not be a prudent use of judicial resources for
> this Court to resolve a dispute that has no real connection with this
> forum.

*Cadle Co. v. Keyser*, No. A-14-CV-758 LY, 2015 WL 764256, at *4 (W.D. Tex. Feb. 23, 2015),

*report and recommendation adopted*, No. 1:14-CV-758-LY, 2015 WL 12670996, at *1 (W.D.

Tex. Mar. 19, 2015).

### 2.      Local interest in having localized interests decided at home

When considering the local interest factor, courts must be mindful of the relevant

connection between the events at issue and the venue. *Volkswagen II*, 545 F.3d at 317-18. The

district where a party has its principal place of business typically has a stronger local interest in

the adjudication of the case. *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F.Supp.2d 703, 712 (N.D.

Tex. 2009). "Jury duty is a burden that ought not to be imposed upon the people of a community

which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (citation omitted).

Here, there is no relevant connection between the conduct giving rise to this case and the Western District of Texas.[2] Neither the plaintiffs nor American Family has its principal place of business in the Western District of Texas. No identified witnesses reside in the Western District of Texas. No evidence from American Family is located within the venue. Instead, the vast majority of identified witnesses, evidence, and events leading to this case involve Wisconsin. *See Affinity Labs*, 2014 WL 10748106, at *3 ("The district where a party has its principal place of business typically has a stronger local interest in the adjudication of the case.") (citations omitted). Therefore, this factor favors transfer.

### 3.    Familiarity of the forum with the law that will govern the case

This factor is neutral. Plaintiffs' primary claim is brought under the federal Lanham Act, which all federal district courts are familiar with. Plaintiffs' Texas common law trademark infringement and unfair competition claims mirror their federal Lanham Act claim and are subject to the same analysis. As the Fifth Circuit has ruled:

> We note that Amazing Spaces brought claims under the Lanham Act and Texas law. The analysis with respect to Amazing Spaces's claims under the Lanham Act will be dispositive of its corresponding claims under Texas law as well. "*A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions*.'" *Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W.3d 799, 806 n. 3 (Tex.App.—Austin 2001, pet. denied) (quoting *Zapata Corp. v. Zapata Trading Int'l, Inc.*, 841 S.W.2d 45, 47 (Tex.App.—Houston [14th Dist.] 1992, no writ)).

---

[2] Plaintiffs may argue that American Family's derivation of commissions from this district gives the citizens of the Western District of Texas a "substantial interest" in having the case tried locally. However, the Fifth Circuit rejected this type of argument in *Volkswagen II*. Because American Family derives commissions throughout the United States, the citizens of the Western District of Texas have no more or less meaningful connection to this case than any other venue. *See Volkswagen II*, 545 F.3d at 318 (stating that it "stretches logic" to say the local interest factor weighed against transfer where defendant's product could be purchased in district because such rationale "could apply virtually to any judicial district or division in the United States").

*Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235 n.7 (5th Cir. 2010); s*ee also*

*Boyd Tech, Inc. v. Boyd Tech, Inc.*, No. H-18-0972, 2018 WL 3581709, at *4 (S.D. Tex. July 25,

2018) (citing *Amazing Spaces*, district court applied same analysis to plaintiff's Lanham Act and

Texas common law trademark infringement and unfair competition claims).

> **4.    Avoidance of unnecessary problems of conflict of laws or in the application of foreign law**

The final public interest factor is "the avoidance of unnecessary problems of conflict of

laws [or in] the application of foreign law." *See Volkswagen II*, 545 F.3d at 315 (alteration in

original). Given the absence of conflicts of law or foreign law in this case, this factor is neutral.

## CONCLUSION

For the reasons stated, American Family's motion to transfer should be granted and this

action should be transferred to the Eastern District of Wisconsin, Green Bay Division.

Dated: October 12, 2020.            FOLEY & LARDNER LLP

/s/ *Sara Ann Brown*
Sara Ann Brown
Texas State Bar No.  24075773
FOLEY & LARDNER LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
(214) 999-3000 (telephone)
(214) 999-4667 (facsimile)
sabrown@foley.com

Naikang Tsao (admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, Wisconsin  53703
(608) 258-4250 (telephone)
(608) 258-4258 (facsimile)
ntsao@foley.com

*Attorneys for Defendant American Family*
*Connect Insurance Agency, Inc.*

## CERTIFICATE OF CONFERENCE

Naikang Tsao, counsel for defendant, hereby certifies that on October 12, 2020, he conferred with Anthony Icenogle, counsel for plaintiffs, regarding the subject matter of the foregoing motion. The parties could not resolve the issues and plaintiffs oppose the relief requested by defendant.

## CERTIFICATE OF SERVICE

I hereby certify that, on October 12, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the parties that are registered to receive electronic notices in this case, including the following:

Anthony Icenogle
ICENOGLE & BOGGINS, P.L.L.C.
6805 Capital of Texas Hwy. North, Suite 220
Austin, Texas 78731
anthony@icenoglefirm.com


*/s/ Sara Ann Brown*
Sara Ann Brown