## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| CONNECT INSURANCE AGENCY, INC. and CONNECT MGA, LLC | § § § | |
| | § | CIVIL ACTION NO. 1:20-CV-00849-JRN |
| v. | § § | |
| AMERICAN FAMILY CONNECT INSURANCE AGENCY, INC. | § § | |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S AMENDED MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN PURSUANT TO 28 U.S.C. § 1404(a)

Plaintiffs, Connect Insurance Agency, Inc.("Connect Insurance") and Connect MGA, LLC ("Connect MGA") make this response to defendant's motion to transfer this case to the Eastern District of Wisconsin, Green Bay Division. This case involves a nationwide company American Family Connect Insurance Agency, Inc., which recently changed its name and its advertising, causing significant confusion with the business of the plaintiffs, which are Texas entities and which do no business in Wisconsin. With due deference accorded to the plaintiffs' choice of venue[1], and correct application of the section 1404 factors, this motion must be denied.

## FACTUAL BACKGROUND

### A. Plaintiffs have no connection to the Eastern District of Wisconsin

As set forth in the defendant's motion both plaintiffs are Texas entities with home offices in Texas. Neither entity does any business in Wisconsin. (See Declaration of Jenny Hofmann-McGraw ("Hofmann-McGraw Decl.") ¶ 3 as to Connect Insurance and Declaration of Katie Hutchinson ("Hutchinson Decl.") ¶ 3 as to Connect MGA).

### B. Defendant has significant connection to Texas

American Family Connect Insurance Agency, Inc. ("American Family") is a foreign corporation authorized to do business in Texas. (Declaration of Anthony Icenogle ("Icenogle Decl.") ¶ 2.) American Family is a licensed insurance agent in the State of Texas. (Icenogle Decl. ¶ 3 and 4.) It is appointed with seven insurance companies that are domiciled in and only do business in Texas. (Icenogle Decl. ¶ 5 through 11.)

In addition two of the defendant's declarants are Texas licensed agents: Tina Holewinski and Michelle M. Jensen. (Icenogle Decl. ¶ 12 and 13.)

Its customers who are being confused by the recent name change are all over the country including Texas and Travis County. (Hofmann-McGraw Decl. ¶12). In addition the defendant is

---

[1] *In re Volkswagen of Am., Inc.*, 45 F.3d 304, 315 (5th Cir. 2008) (en banc).

2

advertising in Texas. (Declaration of David E. Smith ("Smith Decl.") ¶3 and Hofmann-McGraw Decl. ¶17).

## ARGUMENT

## THE SECTION 1404 FACTORS DO NOT SUPPORT TRANSFER OF THIS CASE

### A.   The Private Interest Factors do not favor transfer

#### 1.   Relative ease of access to sources of proof

In its motion to transfer, the defendant cites the fact that all of its documents are located in the Eastern District of Wisconsin. In addition the defendant asserts that "all of the evidence critical to this action is located there." (page 6 of Motion to Transfer). This assertion overstates the facts and misstates the nature of this case.

In making this assertion, the defendant analogizes this case to the *Wet Sounds* case. In particular the defendant quotes from the opinion of U.S. Magistrate Austin that "in infringement cases 'the bulk of the relevant evidence usually comes from the accused infringer'..." (page 5 of the Motion to Transfer). *Wet Sounds* is not analogous to this case. In *Wet Sounds*, the plaintiff accused the defendant of manufacturing and marketing a line of speakers that looked just like their speakers. *Wet Sounds, Inc. v. Audio Formz, LLC,* NO. A-17-CV-141-LY, 2017 WL 4547916, at *1 (W.D. Tex. Oct. 11, 2017), *report and recommendation adopted,* 2018 WL 1219248, at *1 (W.D. Tex. Jan. 22, 2018). In this case plaintiffs allege that the defendant has appropriated their name and has caused confusion among the plaintiffs' customers. (Original Petition at 3 (¶ 7). These customers are spread out across Texas, California, Florida, New Mexico, New York, North Carolina, Oklahoma, Oregon, Utah and Washington. (Hofmann-McGraw Decl. ¶3; Hutchinson Decl. ¶3; and Smith Decl. ¶1.) The documents related to these customers are in Texas (Hofmann-McGraw Decl. ¶18), Lima, Peru, and California (Hutchinson

3

Decl. ¶¶13 and 14.) None of the documents are in Wisconsin. (Hofmann-McGraw Decl. ¶ 3 Hutchinson Decl. ¶ 3). This is not a case about appropriating someone's product design. It is about name appropriation and confused customers. None of the relevant documents concerning these customers would be in the possession of the defendant and therefore would not be in Wisconsin.

### 2. Availability of compulsory process

This factor also does not support transfer of this case to Wisconsin. The defendant has identified two individuals that it alleges would require compulsory process. The first Ms. Holewinski is a former employee who is friendly enough to provide a declaration in support of the defendant. It would seem on the face of it that this is not likely to be a person that would require compulsory process.

The second Ms. Boersma is the employee of an affiliated company. It is simply inconceivable that as an employee of an affiliated company who conducted market research in preparation for the use of the connect name, she would require compulsory process. (Declaration of Mary K. Boersma ("Boersma Decl.") ¶3.)

The defendant has simply failed to identify any witness that would legitimately require compulsory process.

### 3. Cost of attendance of willing witnesses

With regards to this factor the defendant again relies on the false assertion that in this case the bulk of the evidence is in the hands of the defendant and therefore the bulk of the witnesses. In this case that assertion is simply not true as set forth about in section A. 1. Once this assertion is shown to be false the entirety of the defendant's analysis falls apart.

4

In this case as shown from the declarations attached to this response, there will be at least three witnesses in Texas and one in California. There is no rational world in which it is more convenient for those witnesses to travel to Wisconsin as compared to the Western District of Texas. In performing its analysis the defendant looks solely to its own convenience and ignores the significant burden that this proposed transfer would put on the plaintiffs. While *In re Volkswagen* makes clear that the plaintiff's venue choice is no longer determinative, it does not stand for the proposition that the filing of section 1404 motion to transfer completely removes from consideration the plaintiffs' venue choice or favors the convenience of the defendant over the plaintiffs. *In re Volkswagen*, 545 F.3d at 314.

This factor does not favor transfer.

### 4. Practical problems that make trial easy, expeditious and inexpensive

Again the consideration of this factor turns on the false assertion that the key party witnesses and documents are in Wisconsin. The defendant's analysis simply ignores the fact that this is not an appropriation of product case as was *Wet Sounds* but rather a name appropriation case and that the location of plaintiffs' records and witnesses is actually more important to the presentation of this case than the defendant's. (See Smith Decl.; Declaration of Nancy Galvan ("Galvan Decl."); Hofmann-McGraw Decl.; and Hutchinson Decl.)

This factor does not favor transfer.

### B. The Public Interest Factors do not favor transfer

#### 1. Administrative difficulties flowing from court congestion

The evidence provided by the defendant on this factor militates heavily in favor of the plaintiffs. By the measurement provided by the defendant, the Eastern District of Wisconsin is clearly more congested than the Western District of Texas. See page 9 of motion to transfer.

5

The defendant attempts to avoid these bad facts by citing *Cadle Co. v. Keyser*, No. A-14-CV-758 LY, 2015 WL 764256, at *4 (W.D. Tex. Feb. 23, 2015), *report and recommendation adopted*, 2015 WL 12670996, at *1 (W.D. Tex. Mar. 19, 2015) for the proposition that the Austin Division of Western District is "one of the busiest divisions in the Western District of Texas". This citation provides no illumination. In *Cadle* the court was comparing the Austin Division to the San Antonio Division. That comparison simply has no relevance to considering the Western District of Texas to the Eastern District of Wisconsin.

This factor does not favor transfer.

### 2. Local interest in having localized interests decided at home

Again the defendant mischaracterizes the nature of the conduct in dispute in this case. It is the confusion that defendant's acts have caused to plaintiffs' customers and prospective customers. Those individuals are in Texas, California, Florida, New Mexico, New York, North Carolina, Oklahoma, Oregon, Utah and Washington. (Hofmann-McGraw Decl. ¶3; Hutchinson Decl. ¶3; and Smith Decl. ¶1.) This would include insurance customers in the Western District of Texas. It does not include insurance customers in the Eastern District of Wisconsin. No individual in the Eastern District of Wisconsin is a customer or potential customer of the plaintiffs.

The defendant then conflates this factor with the private factors by asserting that no party has its principal place of business in the Western District of Texas and no witnesses reside in the district. These are not facts to consider when considering the public interest factors. In addition plaintiffs have dealt with these issues in its response to the private interest factors.

6

### 3. Familiarity of the forum with the law that will govern the case

Defendant declares this factor as neutral. To the extent that this factor favors any result it would favor denying the motion to transfer since the case does involve Texas law.

### 4. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law

Defendant also declares this factor as neutral. To the extent that this factor favors any result it would favor denying the motion to transfer since the case does involve Texas law.

### CONCLUSION

For the reasons set forth above, the motion to transfer should be denied.

                **Respectfully submitted,**

                **ICENOGLE & BOGGINS, P.L.L.C.**
                **6805 Capitol of Texas Highway North, Ste. 220**
                **Austin, Texas 78731**
                **(512) 342-9519**
                **(512) 342-9555 fax**

                By: /s/ Anthony Icenogle
                 **ANTHONY ICENOGLE**
                 **State Bar No. 10382948**
                 anthony@icenoglefirm.com
                **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of October, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District, including the following:

Sara Ann Brown
Foley & Lardner LLP
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
sabrown@foley.com

Naikang Tsao
Foley & Gardner LLP
150 East Gilman Street
Madison, Wisconson 53703
ntsao@foley.com

                                        /s/ Anthony Icenogle
                                        Anthony Icenogle